UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

═══════════════════════════════════

LINDA J. SHENKO,

                              Plaintiff,


                    -v.-                                    6:05-CV-1163
                                                           (DNH)(GHL)

UNITED STATES,
ADMINISTRATIVE OFFICE OF THE U.S. COURTS,
U.S. DEPARTMENT OF PROBATION - WASHINGTON, D.C.,
U.S. DEPARTMENT OF PROBATION - SYRACUSE, N.Y., and
U.S. OFFICE OF THE PUBLIC DEFENDER,
                              Defendants.

═══════════════════════════════════

APPEARANCES:                                    OF COUNSEL:

LINDA J. SHENKO
Plaintiff, *pro se*

HON. GLENN T. SUDDABY                           WILLIAM F. LARKIN, ESQ.
Unites States Attorney for the                  Assistant United States Attorney
    Northern District of New York
100 South Clinton Street
Syracuse, NY 13261-7198

GEORGE H. LOWE, MAGISTRATE JUDGE

## ORDER

Presently before the Court is a Motion to Accept Service and two Motions to Increase Prayer

for Relief filed by Plaintiff, Linda J. Shenko.  Dkt. Nos. 12, 13.  These Motions relate to Plaintiff's

civil rights Complaint.  *See* Dkt. No. 1.  The United States Attorney filed a letter-brief opposing the

Motions to Increase Prayer for Relief.  Dkt. No. 16.

In her Motion to Accept Service, Plaintiff alleges that she has been unable to effect service

of process on Defendant Administrative Office of the U.S. Courts.[1]  Dkt. No. 12, Motion at pp.1-2.

─────────────────

[1] Plaintiff alleges that the "service package" included "The Civil Case," "Motion #1," and the "Civil
Case Management Plan."  Dkt. No. 12, Motion at pp.1-2.

Plaintiff apparently requests that this Court accept service on Defendant's behalf.  *Id.*  Without addressing the merits, if any, of Plaintiff's request, the Court finds that Plaintiff's request is moot because the United States Attorney has moved to dismiss on behalf of all Defendants, pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, and has not asserted any defense or objection to service.[2]  *See* Dkt. No. 15.  *See also* 5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed. 2004) ("[i]t now is settled that any time a defendant makes a pre-answer Rule 12 motion, he or she must include, on penalty of waiver, the defenses set forth in subdivisions (2) through (5) of Rule 12(b).  If one or more of these defenses are omitted from the initial motion but were 'then available' to the movant, they are permanently lost.")  Thus, Plaintiff's Motion is denied.

Turning to Plaintiff's Motions to Increase Prayer for Relief, Plaintiff first requested to increase the relief sought by $100,000.00, for a total amount sought of $2,100,000.00.  Dkt. No. 12, Motion at p.1.  Plaintiff then filed a second Motion to increase her damages claim by an additional $30,000.00.  Dkt. No. 13, Motion at p.1.

While Rule 15 provides that leave to amend shall be freely granted, Fed. R. Civ. Proc. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962), amendments relating solely to the amount of damages claimed are unnecessary and are properly denied.[3]  *See Rolle v. Garcia*, No. 9:04-CV-312, 2005 WL 1221631, at *3 (N.D.N.Y. May 20, 2005) (Hurd, J.) (citing *Greenfield v. Kanwit*, 87 F.R.D. 129, 132 (S.D.N.Y. 1980) ("Since the amount of damages awarded, if any, will be determined by the

---

[2] The Motion to Dismiss will be addressed in a separate Order.

[3] Plaintiff's reliance on 28 U.S.C. § 2675(b) of the Federal Torts Claims Act as support for these proposed amendments is misplaced.  *See* Dkt. No. 12, Motion at p.12; Dkt. No. 13, Motion at p.2.

proof introduced at trial, amendment of the complaint [to increase damages] is unnecessary")).

Because Plaintiff's Motions seek only to increase damages and do not seek to add claims or parties,

they are denied as unnecessary.[4]

WHEREFORE, it is hereby

ORDERED, that Plaintiff's Motion to Accept Service (Dkt. No. 12) is **DENIED** as moot,

and it is further

ORDERED, that Plaintiff's Motion to Increase Prayer for Relief (Dkt. No. 12) is **DENIED**

as unnecessary, and it is further

ORDERED, that Plaintiff's Second Motion to Increase Prayer for Relief (Dkt. No. 13) is

**DENIED** as unnecessary, and it is further

ORDERED, that the Clerk serve this Order on the parties.

Dated: December 7, 2005
         Syracuse, New York

George H. Lowe
United States Magistrate Judge

---

[4] Any motion to amend seeking to add parties or claims must be filed in compliance with Rule 15 of the Federal Rules of Civil Procedure and Local Rule of Practice 7.1.

3