UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NY
SYRACUSE, NY

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

DEC 14 2005

LAWRENCE K. BAERMAN, Clerk
UTICA

Linda J. Shenko--Plaintiff     Case #6:05-CV-1163

V

UNITED STATES OF AMERICA, AND
Administrative Office of the U.S. Courts
U.S. Dept. of Probation--Washington D. C.
U.S. Dept. of Probation--Syracuse, NY
U.S. Office of the Public Defender---Defendants

PREPARED FOR JUDGE GEORGE H. LOWE/ Terry Mitchell

United States District Court
Attn:Terry Mitchell, Courtroom Clerk
Federal Building
100 S. Clinton St.
Syracuse, NY 13202

Dear Mr. Mitchell,

As you know, I am a pro se senior citizen woman, fighting the establishment, with its unlimited monetary resources and lawyers, and struggling to be heard in the U.S. Court system.

I am at the point where I need some technical advice from the Court on procedure.

1. In good faith, I presented my opponents with 20 pages of information when I filed my tort claim. When I filed my civil claim, I again sent some of those pages to the Court to legitimize my claim in the Court's eyes. All of the documents are essentially ALL OF THE DISCOVERY I COULD HAVE POSSIBLY SUPPLIED TO MY OPPONENTS.

On November 25, 2005 I received a Motion to Dismiss submitted by Mr. Larkin. Mr. Larkin has yet to submit any documents to me. It is essential that he submit his COMPLETE discovery package, including, but not limited to, each and every document from the Dept. of Probation showing who initiated the phone calls regarding the alleged information from theVillage of Whitesboro Police Dept., Chief Hiffa, and the Town of Kirkland Police Chief, English.--which they allegedly can't recall now or deny. (See tort claim exhibits included with Mr. Larkin's Motion to Dismiss. ) Where did Ms. Kulakowski allegedly get the information she put in my report and submitted to the Court? What about her phone calls to Met Life? Who allegedly submitted this incorrect information to her? What about her alleged phone call to Mr. Williams? Her information was incorrect. There are several injustices in my PSI report. --These are just a few. Tortuous issues as well as abuse of my civil rights issues need to be addressed.

On at least 2 occasions, I sent certified letters to the Probation Depts. in Washington and Syracuse respectfully requesting copies of their administrative manuals. Title 5 allows me to ask for these. I have been ignored for OVER ONE year.--The Court has copies of these requests. They are within the body of letters I wrote when I asked the boss's to take care of this mess well in advance of it getting this far. The manual will show the department's administrative steps to properly conduct interviews, make

---

Plaintiff's request for discovery is denied as premature. If Defendants' motion to dismiss is denied I will promptly schedule a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure and at that time I will establish a discovery schedule.

SO ORDERED

*/s/ George H. Lowe/*

George H. Lowe
U.S. Magistrate Judge
Dated: 12/28/05
Syracuse, New York

P. 2 Letter to Clerk of Court     Shenko    6:05-CV-1163

corrections, etc. And, according to the law, should be readily available to me, a citizen of the U.S., simply by requesting it of the department. THIS SHOULD BE INCLUDED WITH THE DISCOVERY PACKAGE MR. LARKIN SHOULD BE REQUIRED TO SUBMIT TO ME.

This is SUPPOSED to be my venue in which to be heard. Mr. Larkin is attempting to sweep this whole thing under the rug. That behavior is what this claim is all about. I HAVE YET TO BE HEARD.

I need this discovery to effectively and intelligently answer his motion to dismiss.

I am not sending a letter to Mr. Larkin, as it will just add wasted time to the whole procedure. He won't provide me with any documents unless the Court tells him to.

Therefore, if a motion to the Court is required, PLEASE CONSIDER THIS A "SELF STYLED" pro se MOTION TO OBTAIN DISCOVERY WITHIN 30 days, as I should be entitled to it.

If a motion is not required, please send me a copy of your letter requesting him to comply, as he would have to do if we were following a civil management procedure.

When you send me your answer allowing me to have the discovery, please include with it, a TIME EXTENSION in which to answer his Motion to Dismiss. Thirty Days from date of receipt of his Discovery package would be fine.

The following especially relate to the Service of Process to the Administrative Office of the U. S. Courts-- Mr. Burchill, General Counsel, Washington D. C. and their attempt to block effective service. I presume Mr. Burchill is the General Counsel for Syracuse Probation and Syracuse Public Defender's Office. Thus my previous MOTION TO ACCEPT SERVICE TO MR. BURCHILL AS PROVIDED. (Still awaiting answer from you.)

2. Procedural question---Mr. Larkin states that the Dept. of the Public Defender was an 'Independent Contractor." I don't understand if the U.S. Attorney is defending her or not. Has the Public Defender's Office gotten their own Attorney? Mr. Burchill? Who is answering their tort, and 4th and 6th amendment issues? Mr. Larkin states "sovereign immunity has not been waived under FTCA."--re:independent contractor-public defender. Who is answering her negligence? (Mr. Burchill-Washington?)

3. Procedural question--When I initially filed this claim, I specifically meant for the tortuous issues to be defended by the United States of America. And, the individually named departments/agencies to be responsible for the civil rights/amendment issues. That was why I specifically filed my civil claim against the UNITED STATES and the Administrative Office of the U.S. Courts, et al. Why haven't I heard from any of the individual departments regarding the civil rights issues? 4th and 6th amendments? This is a Civil rights complaint pursuant to 42 USC 1983. Part of it is tort. Part of it is other---amendment rights.

The U.S. Gov. names several individuals in one indictment. I was just following their lead. I have simply named departments under the U.S. Administrative Office of the Courts in one claim. Some tort, some civil rights claims. Mr. Larkin says that I have stated 4th and 6th amendment issues. He is looking at this

P.3 Shenko 6:05-CV- 1163

whole case strictly from a "tort" perspective. Does he need to finish answering the rest of the case? Or is he the attorney just for the "tort" portion? In other words, who is answering the civil rights portion of this claim? (Mr. Burchill?)

Respectfully submitted this 9th day of December, 2005.

*[signature]*

Linda J Shenko, Pro se
4956 Westmoreland Rd.
Whitesboro, NY 13492

Certificates of service follow on the next 2 pages.